## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| ANNE M. NEWBOLD, )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>HALSTED FINANCIAL, LLC., )<br>)<br>　　Serve: Corporation Service Company )<br>　　　　　421 West Main Street )<br>　　　　　Frankfort, Kentucky 40601 )<br>)<br>and )<br>)<br>WEINBERG MEDIATION GROUP, LLC., )<br>)<br>　　Serve: Registered Agent )<br>　　　　　Jerry Verhagen )<br>　　　　　3380 Sheridan Drive )<br>　　　　　Suite 133 )<br>　　　　　Amherst, New York 14226 )<br>and )<br>)<br>COMENITY BANK, )<br>)<br>　　Serve: Corporation Trust Company )<br>　　　　　Corporation Trust Center )<br>　　　　　1209 Orange Street )<br>　　　　　Wilmington, Delaware 19801 )<br>)<br>　　　　Defendants. ) | Case No. __3:19-cv-32-RGJ__<br><br>*Electronically Filed* |

\* \* \* \* \*

## COMPLAINT

1.　　This is an action for actual and statutory damages and injunctive relief brought by

Anne M. Newbold against Defendants Halsted Financial, LLC., Weinberg Mediation Group,

LLC., and Comenity Bank for violations of the Telephone Consumer Protection Act ("TCPA"),

which prohibits any person from using an automated telephone dialing system or artificial voice to contact another without express consent, and the Fair Debt Collection Practices Act ("FDCPA"), which prohibits debt collectors from contacting any person who provided a written notice to cease communications.

2. Defendants alleged a third-party named Sybil Sayles owed past-due consumer debts. Defendants repeatedly attempted to collect these debts from Ms. Newbold. In doing so, Defendants used an automated telephone dialing system and prerecorded and artificial voices to contact Ms. Newbold on her cell phone. Defendants did not have Ms. Newbold's prior express consent to contact her in this manner.

3. Ms. Newbold notified Defendants she was not Ms. Sayles and requested that their communications stop. Ms. Newbold specifically sent Defendant Halsted Financial, a debt collector, written notice to cease communications. Despite this notice, Defendants knowingly and willfully continued to unlawfully contact Ms. Newbold on her cell phone.

4. Defendants' conduct violated the TCPA and the FDCPA, and Ms. Newbold suffered damages as a result.

**PARTIES, JURISDICTION, AND VENUE**

5. Ms. Newbold is a resident of the Commonwealth of Kentucky and resides within this District.

6. Defendant Halsted Financial, LLC., is an Illinois limited liability company principally located at 8001 North Lincoln Avenue, Suite 500, Skokie, Cook County, Illinois 60077. It is registered to do business within the Commonwealth of Kentucky and performs significant business within this District.

7. Defendant Weinberg Mediation Group, LLC., is a New York limited liability company principally located at 3380 Sheridan Drive, Suite 133, Amherst, Erie County, New York 14226. It performs significant business within this district.

8. Defendant Comenity Bank is a Delaware corporation principally located at One Righter Parkway, Suite 100, Wilmington, New Castle County, Delaware 19803. It is a subsidiary of ADS Alliance Data Systems, Inc., a Delaware corporation, and manages ADS Alliance's private-label and co-branded credit card banking business. Comenity Bank performs significant business within this District.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, due to federal questions regarding 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act, and 15 U.S.C. § 1692a, *et seq.*, the Fair Debt Collection Practices Act. Subject matter jurisdiction is also granted by 15 U.S.C. § 1692k, which provides district courts with jurisdiction over disputes arising under the FDCPA.

10. Venue is proper pursuant to 28 U.S.C. § 1391 and 15 U.S.C. § 1692k, as Defendants regularly conduct business in this District, Ms. Newbold resides in this District, and the events that form the basis of this action occurred in this District.

**FACTUAL ALLEGATIONS**

11. Defendants alleged a third-party named Sybil M. Sayles owed them, or their principals, past-due consumer debt.

12. Ms. Newbold and Ms. Sayles are separate persons.

13. Upon information and belief, Ms. Sayles is a fifty-four year old, African-American female.

14. Ms. Newbold is a sixty-one year old, Caucasian female.

15. Ms. Newbold does not know Ms. Sayles, and they have no personal or business relationship. As such, Ms. Newbold never assumed an obligation to pay Ms. Sayles' debts.

16. Ms. Newbold did not personally accrue the alleged debt that Defendants claimed was owed.

17. Defendants had no reason, permission, or authority to contact Ms. Newbold to collect Ms. Sayles' alleged debt.

18. However, Defendants repeatedly called Ms. Newbold on her cell phone regarding Ms. Sayles' alleged debt.

19. Defendants Halsted Financial and Comenity Bank contacted Ms. Newbold using live representatives.

20. Defendants Weinberg Mediation and Comenity Bank contacted Ms. Newbold using prerecorded and artificial voice messages.

21. When Ms. Newbold answered Defendants' calls, there was an unnatural pause between her greeting and a representative's introduction or the beginning of a recording. Further, Ms. Newbold could tell the phone line was transferred after she answered her cell phone but before a person spoke on the other end or a recording began. These occurrences are indicative of the phone call being initiated by an automated telephone dialing system.

22. Defendants used automated telephone dialing systems to call Ms. Newbold's cell phone.

23. Ms. Newbold did not give Defendants prior express consent to contact her on her cell phone using automated telephone dialing systems or prerecorded and artificial voices

24. Ms. Newbold received calls on her cell phone from telephone numbers unknown to her and unassociated with Defendants. However, after she answered, Ms. Newbold confirmed it was Defendants using the confusing and unknown numbers.

25. Defendants knowingly caused Ms. Newbold's cell phone caller identification feature to display telephone numbers unassociated with Defendants' businesses, a practice known as number spoofing.

26. Defendants intentionally spoofed telephone numbers to obfuscate their identity, increase the likelihood Ms. Newbold would answer her cell phone, and create a greater chance that Ms. Newbold would be scammed, harassed, or otherwise convinced to wrongly pay Ms. Sayles' alleged debt.

27. To stop their calls, Ms. Newbold informed Defendants she was not Ms. Sayles and did not owe the alleged debt.

28. With this information, Defendants knew, or should have known through reasonable investigation, Ms. Newbold was being subjected to unlawful contact.

29. Despite her notice, Defendants continued to call Ms. Newbold's cell phone using automated telephone dialing systems, prerecorded and artificial voices, and spoofed telephone numbers.

30. On February 7, 2018, Ms. Newbold specifically sent Defendant Halsted Financial a letter stating she was not Ms. Sayles and directing it to cease all communications with her, pursuant to 15 U.S.C. § 1692c(c).

31. Halsted Financial continued to contact Ms. Newbold in attempts to collect the alleged debt after it received her written notice to cease communications.

32. Ms. Newbold suffered damage as a result of Defendants' unlawful conduct, including invasion of privacy, loss of use of her cell phone during Defendants' calls, increased and involuntary usage of resources on her cell phone plan, emotional distress, inconvenience, anxiety, undue stress, and harassment.

## COUNT 1:
## WILLFUL VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT
### (All Defendants)

33. Ms. Newbold incorporates by reference the allegations previously set forth in her Complaint.

34. Defendants are persons as defined in 47 U.S.C. § 153(39).

35. Defendants Halsted Financial and Comenity Bank contacted Ms. Newbold on her cell phone using live representatives and automated telephone dialing systems as defined in 47 U.S.C. § 227, *et seq.*

36. Defendants Weinberg Mediation and Comenity Bank contacted Ms. Newbold on her cell phone using artificial and prerecorded voice messages and automated telephone dialing systems as defined in 47 U.S.C. § 227, *et seq.*

37. Ms. Newbold did not give Defendants prior express consent to contact her on her cell phone using automated telephone dialing systems or artificial and prerecorded voices.

38. Defendants did not use the automated telephone dialing systems or artificial and prerecorded voices to contact Ms. Newbold for emergency purposes or regarding debts owed to the U.S. government.

39. When contacting Ms. Newbold, Defendants used services that manipulated her cell phone's caller identification information to display telephone numbers not associated with Defendants' businesses.

40. Defendants knowingly transmitted the misleading caller identification information with the intent to harm Ms. Newbold and wrongfully obtain her funds to pay a debt she did not owe.

41. Ms. Newbold informed Defendants that she was not Ms. Sayles and requested that Defendants stop calling her cell phone.

42. Despite her notice and request, Defendants knowingly and intentionally continued to contact Ms. Newbold using the wrongful methods described above in attempts to collect debt allegedly owed by Ms. Sayles.

43. By engaging in the conduct described above, Defendants knowingly and willfully violated 42 U.S.C. § 227, *et seq.*

44. Defendants' actions caused Ms. Newbold to suffer damages, including invasion of privacy, loss of use of her cell phone during Defendants' calls, increased and involuntary usage of her cell phone plan's resources, emotional distress, inconvenience, anxiety, undue stress, and harassment.

45. Ms. Newbold demands that Defendants immediately cease all telephone communication with her regarding Ms. Sayles' alleged debts, and any and all other communication prohibited by 42 U.S.C. § 227, *et seq.*

46. In addition to actual damages, interest, expenses, and court costs, Ms. Newbold is entitled to attorney fees and statutory damages pursuant to 42 U.S.C. § 227, *et seq.*

### COUNT 2:
### NEGLIGENT VIOLATION OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### (All Defendants)

47. Ms. Newbold incorporates by reference the allegations previously set forth in her Complaint.

48. In the alternative, Defendants used automated telephone dialing systems and prerecorded and artificial voice messages to contact Ms. Newbold on her cell phone.

49. Defendants did not have Ms. Newbold's prior express consent to contact her using those methods, nor were the calls for emergency purposes or related to debts owed to the U.S. government.

50. When contacting Ms. Newbold, Defendants also used services that manipulated her cell phone's caller identification information to display telephone numbers not associated with Defendants' businesses in order to harm Ms. Newbold by wrongfully obtaining her funds to pay debts she did not owe.

51. Ms. Newbold informed Defendants she was not Ms. Sayles and requested that all communication stop.

52. Defendants knew, or should have known with reasonable investigation, that Ms. Newbold was being unlawfully contacted.

53. However, Defendants continued to negligently contact Ms. Newbold using the wrongful methods described above.

54. By engaging in this conduct, Defendants violated 42 U.S.C. § 227, *et seq.*

55. Defendants' actions caused Ms. Newbold to suffer damages, including invasion of privacy, loss of use of her cell phone during Defendants' calls, increased and involuntary usage of her cell phone plan's resources, emotional distress, inconvenience, anxiety, undue stress, and harassment.

56. Ms. Newbold demands that Defendants immediately cease all telephone communication with her regarding Ms. Sayles' alleged debts, and any and all other communication prohibited by 42 U.S.C. § 227, *et seq.*

57. In addition to actual damages, interest, expenses, and court costs, Ms. Newbold is entitled to attorney fees and statutory damages pursuant to 42 U.S.C. § 227, *et seq.*

## COUNT 3:
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (Halsted Financial, LLC)

58. Ms. Newbold incorporates by reference the allegations previously set forth in this Complaint.

59. Halsted Financial is a debt collector as defined in 15 U.S.C. § 1692a.

60. Ms. Newbold is a consumer as defined in 15 U.S.C. § 1692a.

61. Ms. Newbold provided Halsted Financial with written notice to cease communications regarding alleged debt, and it was required to comply with her request.

62. However, Halsted Financial continued to contact Ms. Newbold regarding the alleged debt after receiving her notice.

63. Halsted Financial's actions caused Ms. Newbold to suffer damages, including invasion of privacy, loss of use of her cell phone during Defendants' calls, increased and involuntary usage of her cell phone plan's resources, emotional distress, inconvenience, anxiety, undue stress, and harassment.

64. In addition to actual damages, interest, expenses, and court costs, Ms. Newbold is entitled to attorney fees and statutory damages pursuant to 15 U.S.C. § 1692k.

## REQUEST FOR RELIEF

Wherefore, Ms. Newbold demands relief against Defendants as follows:

a. Entry of a Judgment to compensate her for damages to which she is entitled, including but not limited to actual, compensatory, punitive, and statutory damages;

      b.      Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by law;

      c.      Trial by jury on all issues so triable;

      d.      An award of attorney's fees and costs herein incurred; and

      e.      Any and all other relief to which she may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

Respectfully submitted,

CRAIG HENRY PLC
James Craig

/s/ James Craig_____
239 South Fifth Street, Suite 1400
Louisville, Kentucky 40202
Telephone: (502) 614-5962
Facsimile: (502) 614-5968
jcraig@craighenrylaw.com

*Counsel for Anne Newbold*